# Batson v. Johnson.

### Assumpsit.

(Decided June 30, 1909.—50 South. 348.)

1. *Pleading; Construction.*—A pleading must be construed most strongly against the pleader.

2. *Vendor and Purchaser.*—A note for the price of real estate which is payable upon a certain day, but which does not fix the date for the conveyance of the same, is an independent condition and the vendor may sue on the note before consummating the contract.

3. *Same; Contract; Rescission.*—A vendor dispossessing a purchaser without a violation of the contract of purchase does not by such action rescind the sale.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. P. Batson against J. H. Johnson on a promissory note. From a judgment for defendant plaintiff appeals. Reversed and remanded.

S. J. DARBY, for appellant. To put the plaintiff at fault the defendant must show a full and complete com-

pliance on his part of everything required of him, or a reason for not doing so.—*Johnson v. Collins*, 17 Ala. 324; *Hardy v. The Bank*, 15 Ala. 722; *Gentry v. Rogers*, 40 Ala. 442; *Assurance Co. v. McGlathery*, 115 Ala. 213. Plaintiff had retained the legal title as security for debt.—*Cannon v. Banks*, 18 Ala. 371; *Bankhead v. Owens*, 60 Ala. 466; *Stringfellow v. Ivey*, 73 Ala. 209; *Lowery v. Peterson*, 75 Ala. 109.

FELIX L. SMITH, and LACKEY & BRIDGES, for appellee. While a contract is executory, the doing of an act by one party showing that he does not intend to perform his part of the contract will authorize the other to rescind.—*Drake v. Goree*, 22 Ala. 409; *Bonham v. The State*, 65 Ala. 459; *Mason v. Ala. I. Co.*, 73 Ala. 270; *Hieronymous v. Bienville W. Co.*, 131 Ala. 454. The appellant could have but one satisfaction of the contract. —*Micou v. Ashurst*, 55 Ala. 607; *Williams v. Cox*, 78 Ala. 325; *Tyson v. Webber*, 81 Ala. 470. In a sale of property where title is retained and there is default in the payment of the purchase price and the vendor elects to retake the property sold he waives his right to demand purchase price.—*Tanner v. Hall*, 89 Ala. 628; *Sanders v. Newton*, 140 Ala. 335; *Davis v. Millings*, 141 Ala. 378; 6 A. & E. Ency. of Law, 480.

McCLELLAN, J.—The action is by appellant against appellee on a promissory note executed by appellee and others to appellant. Pleas 5 and 6 aver that the consideration for the note was that a good and sufficient title to a certain tract of land, owned by plaintiff, was to be made by plaintiff to defendant and others upon the payment of the purchase money evidenced by the note sued on; that plaintiff executed a bond for title so conditioned; that plaintiff, before suit brought, evicted the de-

fendant and his copartners from the possession, and still retains it; and that plaintiff has failed to execute such conveyance. Wherefore the consideration for the note in suit has failed. The plaintiff's demurrer, which was overruled by the court, took these objections to the pleas: (1) That they are silent in averment of offer to pay the purchase price or a demand for the deed, or the refusal of plaintiff to make the deed; (2) that the right of the plaintiff to take possession of the land is not denied.

As we interpret these pleas, they do not show that the payment of the purchase-money notes was to be a concurrent, contemporaneous act with the execution of the stipulated conveyance by the vendor. Aside from the application of the rule to construe pleadings with disfavor to the pleader, the fact that the note became due and payable upon a day fixed and certain, and the date for conveyance was not specifically stipulated, serves to render the act of payment of the purchase money an independent condition, and not to require of the vendor the doing of any act looking to the consummation of the contract as a condition precedent to suit to enforce the payment of the note. In *Broughton v. Mitchell,* 64 Ala. 210, and *Burkett v. Munford,* 70 Ala. 423, will be found a satisfactory discussion of the question now presented. It is unnecessary, of course, to reiterate.

In respect of the averment of eviction of the purchasers effected by the vendor, it will suffice at this time to simply note that it does not appear from the pleas that disposession of the purchasers was in violation of the contract between the parties. Hence a rescission of the contract on the part of the vendor is not averred. The demurrers should have been sustained.

The judgment is therefore reversed, and the cause is remanded. All the Justices concur.